UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIJAYAKUMAR THURAISSIGIAM,<br><br>                               Petitioner,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.<br><br>                              Respondents. | Case No.: 18-cv-00135-AJB-AGS<br><br>**ORDER:**<br><br>**(1) DISMISSING CASE WITH PREJUDICE FOR LACK OF JURISDICTION;**<br><br>**(2) DENYING PETITIONER'S EMERGENCY MOTION TO STAY;**<br><br>**(3) DENYING RESPONDENTS' MOTION TO DISMISS AS MOOT;**<br><br>**(4) DENYING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY STAY AS MOOT; AND**<br><br>**(5) DENYING THE JOINT MOTION TO SHORTEN TIME FOR PETITIONER'S EMERGENCY MOTION FOR STAY OF REMOVAL AS MOOT**<br><br>(Doc. No. 1, 25, 52, 53, 54) |

There are several motions currently pending before the Court. Most notable is Petitioner Vijayakumar Thuraissigiam's emergency motion for stay of his removal, (Doc. No. 52), and its related motions—Petitioner's ex parte application for a temporary stay pending his emergency motion for stay of removal, (Doc. No. 53), and the joint motion to shorten time for Petitioner's emergency motion for stay of removal, (Doc. No. 54). Pursuant to Civil Local Rule 7.1.d.1, the Court finds these matters suitable for determination on the papers and without oral argument. As will be explained in great detail below, the Court finds that it does not have jurisdiction to hear the instant habeas petition and thus **DISMISSES** the Petition. (Doc. No. 1.) Consequently, Petitioner's motion for stay of removal is **DENIED** and the remainder of the pending motions on the docket are **DENIED AS MOOT**. (Doc. Nos. 25, 52, 53, 54.)

## I. BACKGROUND

Petitioner is a forty-six year old Sri Lankan Tamil man. (Doc. No. 1 ¶¶ 34, 35.) Tamil is an ethnic minority group in Sri Lanka. (*Id*. ¶ 35.) Beginning in the 1980s, a civil war between government forces and the Tamil separatist group, Liberation Tigers of Tamil Eelam ("LTTE"), began. (*Id*.) In 2002, a cease fire was declared, however the cease fire collapsed in 2006. (*Id*. ¶¶ 36, 38.)

In 2004, during the political elections, Petitioner worked on behalf of M.K Shivajilingam, a candidate for parliament with the Tamil National Alliance. (*Id*. ¶ 37.) In 2007, Petitioner was then ordered to report to a Sri Lankan Army camp where he was detained and beaten, but was eventually released. (*Id*. ¶ 38.) Subsequently in 2009, the Sri Lankan government defeated the LTTE ending the civil war. (*Id*. ¶ 39.)

Thereafter in 2013, Petitioner again assisted Mr. Shivajilingam in his run as a candidate for provincial election. (*Id*. ¶ 40.) Petitioner's responsibilities were similar to those he held in 2004 and they included arranging public meetings in support of Mr. Shivajilingam. (*Id*. ¶¶ 37, 40.)

In 2014, Petitioner was approached by men on his farm who identified themselves as government intelligence officers and called Petitioner by his name. (*Id*. ¶ 41.) Petitioner

2

18-cv-00135-AJB-AGS

was then pushed into a van where he was bound, beaten, and interrogated about his political activities and connection to Mr. Shivajilingam. (*Id*. ¶¶ 41, 42.) Petitioner then endured additional torture before he woke up in a hospital where he spent several days recovering. (*Id*. ¶¶ 42, 43.) Currently, Petitioner still suffers from numbness in his left arm and has scars from his beatings. (*Id*. ¶ 43.)

After these events, Petitioner went into hiding in Sri Lanka and India, and then in 2016 he fled the country. (*Id*. ¶ 44.) Petitioner then made his way through Latin America, where he was finally able to reach the U.S.-Mexico border. (*Id*.)

On February 17, 2017, Petitioner entered the United States where he was apprehended by a Border Patrol Agent patrolling the area of "Goats Canyon" four miles west of the San Ysidro Port of Entry.[1] (*Id*. ¶ 45; Doc. No. 25-1 at 15.) According to Petitioner, he was then afforded only a "cursory administrative asylum hearing" and then was issued an expedited removal order pursuant to 8 U.S.C. § 1225(b)(1) after the government determined that he did not have a credible fear of persecution. (Doc. No. 1 at 3, 13.) Petitioner argues that absent court intervention, he will be deported to Sri Lanka, where he will no doubt face further beatings, torture, and death because of his political associations. (*Id*. at 3.) Petitioner is currently detained at the Otay Mesa Detention Center in San Diego, California. (*Id*.)

Petitioner filed his petition on January 19, 2018.[2] (Doc. No. 1.) On March 5, 2018, Respondents filed their motion to dismiss. (Doc. No. 25.) Briefing has not yet been

---

[1] The Court notes that Respondents state that Petitioner was apprehended on February 18, 2017. (Doc. No. 25-1 at 15.)

[2] Petitioner's Petition alleges that the process that led to his expedited removal order was "wholly inadequate." (Doc. No. 1 at 13.) Specifically, Petitioner contends that (1) the asylum officer violated his duty "to elicit all relevant and useful information bearing on whether [he] has a credible fear of persecution or torture[]"; (2) there were communication problems throughout the interview; (3) there were a number of legal errors, including the asylum officers' failure to consider relevant country conditions evidence that Tamils are subject to torture; (4) the asylum officer should have been aware of the widespread country conditions evidence; and (5) the hearing before the immigration judge was procedurally

completed on this motion. Thereafter, on March 7, 2018, in short succession, and after Court operating hours, Petitioner filed his emergency motion for stay of removal, his ex parte application, and both parties filed their joint motion to shorten time. (Doc. Nos. 52, 53, 54.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a motion to dismiss where a court lacks subject-matter jurisdiction. Because "[f]ederal courts are courts of limited jurisdiction[,]" a court "presume[s] that a cause [of action] lies outside this limited jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). No presumption of truthfulness attaches to the allegations of the plaintiff's complaint as the plaintiff bears the burden of establishing subject matter jurisdiction. *Thornhill Publ'g. Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Thus, the court must presume it lacks jurisdiction until subject matter jurisdiction is established. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Any party may raise a defense based on lack of subject matter jurisdiction at any time. *See Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996).

## III. DISCUSSION

Cognizant that Respondents' motion to dismiss is based solely on arguing that this Court has no jurisdiction to hear his claims, Petitioner's emergency motion for a stay of removal devotes an entire section to asserting that this Court has jurisdiction to hear his

---

and substantively flawed. (*Id*. at 13–15.) Thus, Petitioner requests an order directing Respondents to show cause why the writ should not be granted, declare Petitioner's expedited removal order contrary to law, direct Respondents to vacate the expedited removal order, and issue a writ directing Respondents to provide Petitioner a new opportunity to apply for asylum and other applicable forms of relief. (*Id*. at 18.)

4

Petition under 8 U.S.C. § 1252(e)(2)(B) and the Suspension Clause. (Doc. No. 52-1 at 24.) Regrettably, despite all of the arguments produced and the urgency and nature of the Petition and motions, the Court finds that it does not have subject matter jurisdiction over Petitioner's habeas claims.

Congress expressly deprived courts of jurisdiction to hear a direct appeal from an expedited removal order. *See* 8 U.S.C. § 1252(a)(2) (limiting review of expedited removal orders to habeas review under § 1252(e)). Section 1252(e) states that:

> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of--(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under such section, and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title[.]

8 U.S.C. § 1252(e)(2).[3] The Ninth Circuit holds that this statute "strictly circumscribes the scope of review of expedited removal orders to the grounds enumerated in § 1252(e)." *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008). Thus, "[b]y the clear operation of these statutes, federal courts are jurisdictionally barred from hearing direct challenges to expedited removal orders." *Torre-Flores v. Napolitano*, No. 11-CV-2698-IEG (WVG), 2012 WL 3060923, at *2 (S.D. Cal. July 25, 2012) (citation and internal quotation marks omitted).

---

[3] As currently pled, the Court notes that the three asserted bases for habeas review under § 1252(e) have already been conceded by Petitioner. Petitioner's petition states that he is a native and citizen of Sri Lanka who fled to the United States in February of 2017. (Doc. No. 1 ¶ 4.) Second, it is uncontested that Petitioner was ordered removed. (*Id.* ¶ 51.) Finally, Petitioner does not provide any evidence to demonstrate that he has been admitted to the United States as a permanent resident, or was granted asylum prior to his expedited removal. (*See generally* Doc. No. 1.)

Despite the Act's narrow, limited, and explicit terms, Petitioner seeks to have this Court review his habeas petition under the second factor—whether Petitioner was ordered removed. (Doc. No. 52-1 at 28.) Petitioner contends that § 1252(e)(2)(B) "permits review of the type of threshold question presented here: whether Petitioner was 'ordered removed[.]'" (*Id.* at 29.) Furthermore, Petitioner states that "there must be review of whether the negative credible fear determination was properly made—a prerequisite for issuing the expedited removal order." (*Id.*)

Unfortunately, the preceding assertions are not only wholly unsupported by applicable case law, but they also amount to nothing more than Petitioner's own self-serving assumptions. First, the Court notes that in determining whether an alien has been removed under §1252(e)(2)(B), "the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner." 8 U.S.C. 1252(e)(5). The Court declines to broaden and expand the clear writing of this section of the Act to include the characterization Petitioner impresses on the Court. Moreover, the Court rejects Petitioner's contention that §1252(e)(2)(B) is ambiguous. (Doc. No. 52-1 at 30.) There could be nothing further from the truth.

Next, and most importantly for purposes of the instant Petition, the clear case law from this circuit forecloses this Court's ability to evaluate the negative credible fear determination that resulted in Petitioner's expedited removal order. *See Galindo-Romero v. Holder*, 621 F.3d 924, 928 n.4 (9th Cir. 2010) (noting that "§ 1252(e) permits review of expedited removal orders only in a habeas corpus petition, and even then review is strictly limited to the three discrete inquiries set forth in § 1252(e)[.]"); *see also Garcia de Rincon*, 539 F.3d at 1140 (finding that both the circuit court and the district court were jurisdictionally barred from hearing the habeas petition challenging an expedited removal order); *Brumme v. INS*, 275 F.3d 443, 447–48 (5th Cir. 2001) (rejecting claim that section 1252(e) permits habeas review of whether section 1225(b)(1) was applicable to petitioner); *Vaupel v. Ortiz,* 244 F. App'x 892, 895 (10th Cir. 2007) ("The language of the statute

clearly and unambiguously precludes review in a habeas proceeding of 'whether the alien is actually inadmissible or entitled to any relief from removal.'").

Further, the Court notes that Petitioner's use of *Smith v. U.S. Customs and Border Protection*, 741 F.3d 1016 (9th Cir. 2014), to argue that this Court has jurisdiction to decide whether he received a fair and credible fear interview is misplaced. (Doc. No. 52-1 at 30.) Explicitly, Petitioner argues that *Smith* addresses a claim "conceptually similar" to his own. (*Id*.)

In *Smith,* the petitioner, a native and citizen of Canada, drove his motor home to the Port of Entry at Oroville, Washington and sought entry into the United States. *Smith*, 741 F.3d at 1018. Ultimately, the CBP determined that Smith was seeking to enter the United States to work and thus classified him as an "intending immigrant" under § 212 (a)(7)(A)(i)(l) of the Immigration and Nationality Act ("INA"). *Id*. at 1018–19. However, as Smith lacked documentation permitting him to work in the United States, the CBP found him inadmissible and placed him in expedited removal proceedings. *Id*. at 1019. Smith was removed to Canada the same day and never gained entry to the United States. *Id*.

Smith then filed a petition for writ of habeas corpus arguing that the CBP exceeded its authority under the removal statute. *Id*. The district court dismissed Smith's petition for lack of subject matter jurisdiction. *Id*. The Ninth Circuit also denied the petition. *Id*. However, it noted that if there was no custody requirement to adhere to, that it had limited jurisdiction under § 1252(e)(2)(B) to consider whether Smith was "ordered removed[.]" *Id*. at 1020. However, Smith was still not entitled to the relief he sought as § 1252(e)(2) did not permit the court to "consider any further collateral challenge." *Id*. at 1018.

It is undisputable to the Court that *Smith* has no bearing on the current matter. Unlike *Smith*, Petitioner gained entry into the United States and is still currently being held in the United States. (Doc. No. 1 ¶ 45.) Most importantly, the underlying reasons for the petition in *Smith* and the instant case are completely dissimilar. In *Smith*, the petitioner argued that he was a "Canadian to whom the documentary requirements for admission did not apply." *Smith*, 741 F.3d at 1021. Thus, he alleged that the CBP exceeded its authority as it could

7

18-cv-00135-AJB-AGS

not lawfully remove him. *Id*. In direct contrast, the instant petition involves Petitioner's claims that his negative credible fear determination was based off of numerous legal errors. (Doc. No. 1 at 14.) Accordingly, the blatant factual dissimilarities between the instant case and *Smith* render Petitioner's argument that *Smith* stands for the proposition that the expedited removal statute permits the type of "narrow legal claim" that he raises in his Petition meritless. (Doc. No. 52-1 at 30.)

In sum, the Court follows the clear precedent set forth by the Ninth Circuit and its sister circuits and concludes that it does not have subject matter jurisdiction to hear Petitioner's claims challenging his removal order. *See Rodaz v. Lynch*, 656 F. App'x 860, 861 (9th Cir. 2016) ("To the extent Ramirez Rodaz challenges the underlying 2010 expedited removal order, we lack jurisdiction to consider this collateral attack.") (citation omitted); *see also United States v. Barajas-Alvarado*, 655 F.3d 1077, 1082 (9th Cir. 2011) (holding that the INA "precludes meaningful judicial review of the validity of the proceedings that result in an expedited removal order.").

Further, the Court disagrees with Petitioner's characterization and application of the Suspension Clause in his case. Petitioner argues that the Suspension Clause would be violated if immigration statutes precluded this Court from reviewing his claims. (Doc. No. 52-1 at 24.) Additionally, from what the Court can discern, Petitioner attempts to assert that by dismissing his Petition for lack of jurisdiction, the Court is in essence denying him "judicial review over [all of his] legal claims[, which] violates the Suspension Clause[.]" (*Id*. at 26.) Petitioner then refers to a litany of cases to support the broad contention that the Suspension Clause applies to him. (*Id*. at 26–27.)

Regrettably, Petitioner's arguments miss the mark. The Court does not dispute that the Suspension Clause applies to Petitioner. Instead, the Court finds that the strict restraints on this Court's jurisdictional reach to review expedited removal orders does not violate the Suspension Clause. As discussed in *Pena v. Lynch*, 815 F.3d 452, 456 (9th Cir. 2015), both the Supreme Court and this Circuit "have suggested that a litigant may be unconstitutionally denied a forum when there is absolutely *no* avenue for judicial review

of a colorable claim of constitutional deprivation." Here, § 1252(e) still "retain[s] some avenues of judicial review, limited though they may be." *Id*. Thus, the Suspension Clause remains intact. *See Garcia de Rincon*, 539 F.3d at 1141–42 (finding the narrow habeas review under the expedited removal regime does not violate the Suspension Clause); *see also Castro v. U.S. Dep't of Homeland Sec.*, 163 F. Supp. 3d 157, 169 (E.D. Pa. 2016) (finding that §1252's restrictions on judicial review do not offend a petitioner's rights under the Suspension Clause).

Further, Petitioner's reliance on *INS v. St. Cyr*, 533 U.S. 289 (2001), is erroneous. (Doc. No. 52-1 at 25.) Petitioner claims that per *St. Cyr*, noncitizens always have judicial review to challenge their deportation orders, that the scope of the review must include both constitutional and legal challenges to deportation orders, and that the absence of such review would violate the Suspension Clause. (*Id*.) However, unlike the instant matter, *St Cyr* did not involve an alien subject to a removal order. Instead, the petitioner in *St Cyr* was a lawful permanent resident of the United States who pled guilty in state court to the selling of a controlled substance. *St Cyr*, 533 U.S. at 293. Additionally, *St Cyr* analyzed the impact of the Antiterrorism and Effective Death Penalty Act of 1996 and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 amendments and their availability under habeas corpus jurisdiction—28 U.S.C. § 2241. *Id*. at 292. This issue is not present in Petitioner's case, which solely deals with the expedited removal provisions restricting § 2241 habeas corpus jurisdiction. *See Li v. Eddy*, 259 F.3d 1132, 1135 (9th Cir. 2001) (explaining that the restricted habeas review of expedited removal orders "does not implicate the jurisdictional issues" raised in *St Cyr*), *vacated on other grounds by* 324 F.3d 1109 (9th Cir. 2003).

Finally, if Petitioner's challenge can be read as a generalized challenge to his expedited removal, jurisdiction is specifically limited to actions "instituted in the United States District Court for the District of Columbia[.]" 8 U.S.C. § 1252(e)(3)(A). The Ninth Circuit has repeatedly recognized this explicit jurisdictional interdiction. *E.g.*, *United States v. Barragan-Camarillo*, 460 F. App'x 637, 639 (9th Cir. 2011) ("[S]ystemic

9

18-cv-00135-AJB-AGS

constitutional challenges to the expedited removal statute or its implementing regulations . . . may [only] be brought in limited circumstances in the United States District Court for the District of Columbia."); *Li*, 259 F.3d at 1136 (same).

Accordingly, based on the foregoing, the Court rejects Petitioner's claims that the jurisdictional limitations of § 1252(e) violate the Suspension Clause.

On a final note, the Court points Petitioner to *Castro v. U.S. Dep't of Homeland Sec.*, 163 F. Supp. 3d 157 (E.D. Pa. 2016), to further support the Court's conclusion that it lacks subject matter jurisdiction to hear the current Petition. The Court is cognizant that this case is not dispositive, however, as the factual background and habeas claims are identical to the present matter, its analysis and ultimate conclusion are incredibly persuasive to the Court.

In *Castro*, twenty-nine Central American women were seized after their illegal entry into the United States. *Castro*, 163 F. Supp. 3d at 158. Finding that none of them had a credible fear of torture upon returning to Central America, DHS ordered their expedited removal. *Id*. They then sought habeas relief arguing that the Act's credible fear evaluation process was inadequate and resulted in erroneous negative credible fear determinations. *Id*.

Taking each of the petitioners' arguments in turn, the district court held that the INA precluded the court's review of their negative credible fear determinations, that there is no ambiguity to the Act's jurisdictional requirements and "[t]o find otherwise would require [the court] to do violence to the English language to create an 'ambiguity' that does not otherwise exist[,]" and that the petitioners had limited habeas rights to challenge the "procedural and substantive soundness of their negative credible fear determinations and expedited removal orders," thus, the Act's limitations did not offend any Suspension Clause rights. *Id*. at 165–69.

In light of the clear holdings from this circuit and others, holdings that have not yet been disturbed, the Court concludes that it cannot analyze Petitioner's expedited removal order or his claims that his negative credible fear determination was in error. Thus, the Court **DISMISSES** the Petition for lack of subject matter jurisdiction.

## IV. CONCLUSION

The Court does not downplay the important role courts across the nation have in safeguarding the reliability and fairness of the immigration process. However, no matter how credible Petitioner's claims of fear may be and the purported harsh consequences that may come to him if he is removed to his native country, the limited scope of this Court's judicial review over expedited removal orders restricts it from hearing Petitioner's claims.

Accordingly, the Petition is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. As a result, as there is no likelihood of success on the merits to support Petitioner's emergency motion for stay of removal, this motion is **DENIED.** (Doc. No. 52 (*see Nken v. Holder*, 556 U.S. 418, 426 (2009)). Thus, Respondents' motion to dismiss, Petitioner's ex parte application for a stay of removal pending his emergency motion, and the joint motion to shorten time for Petitioner's emergency motion for stay of removal are **DENIED AS MOOT**.[4] (Doc. Nos. 25, 53, 54.) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: March 8, 2018

Hon. Anthony J. Battaglia
United States District Judge

---

[4] The Court notes that Respondents were not given time to respond to Petitioner's motion to stay removal and ex parte application. However, the Court finds that Respondents' motion to dismiss fully addressed the jurisdictional issues. Therefore, it is tantamount to a reply to the various motions filed on March 7, 2018.

11